United States Court of Appeals,

Fifth Circuit.

No. 91–7290

Summary Calendar.

David Darrell MOORE, et al., Plaintiffs–Appellants,

v.

Ray MABUS, et al., Defendants–Appellees.

Nov. 2, 1992.

Appeal from the United States District Court for the Northern District of Mississippi.

Before POLITZ, Chief Judge, KING and GARWOOD, Circuit Judges.

POLITZ, Chief Judge:

David Darrell Moore and Elton Banks appeal the 28 U.S.C. § 1915(d) dismissal of their *pro se, in forma pauperis* civil rights complaint, and the denial of their application for appointment of counsel. We affirm in part, vacate the dismissal, remand for further proceedings, and direct that counsel be appointed.

*Background*

Moore and Banks are inmates at the Mississippi State Penitentiary in Parchman, Mississippi. In 1990 Moore, Banks, and Eddie Ray Gowdy[1] filed a 42 U.S.C. § 1983 complaint against various Mississippi state officials alleging, in relation to HIV-positive prisoners: (1) deliberate indifference to serious medical needs in violation of the eighth amendment, (2) conditions of confinement in violation of the eighth amendment, (3) violation of the fourteenth amendment right of privacy, (4) loss of privileges in violation of fourteenth amendment due process and equal protection components, and (5) denial of rights guaranteed by state law. The complaint also inartfully purported to be a class action on behalf of prisoners denominated by the plaintiffs as the "fluid" class. The plaintiffs moved for appointment of counsel.

---

[1]Gowdy apparently has been released from prison.

Following a Spears[2] hearing the magistrate judge recommended dismissal as frivolous under 28 U.S.C. § 1915(d). The district court accepted the recommendation, denied the appointment of counsel, and dismissed the complaint. Moore and Banks timely appealed.

## *Analysis*

The district court did not have the benefit of two recent Supreme Court decisions when it considered the instant complaint. *Denton v. Hernandez*[3] clarified the legal standard for a finding of factual frivolousness under section 1915(d)[4] and the standard for appellate review of such a finding, and *Wilson v. Seiter*[5] mandated the application of the deliberate indifference standard to all conditions of confinement cases.

### *Spears after Neitzke and Denton*

*Spears,* decided some years before *Neitzke* and *Denton,* has not been reexamined in light of these new Supreme Court teachings. Our holding in Spears that the "standard for determining the legal sufficiency of a complaint is the same under Fed.R.Civ.P. 12 or 28 U.S.C. § 1915(d)" did not survive *Neitzke.* The *Neitzke* Court concluded that "frivolousness in the § 1915(d) context refers to a more limited set of claims than does Rule 12(b)(6),"[6] and held that while Rule 12(b)(6) and section 1915(d) overlap, "it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter."[7] To the extent that an *in forma pauperis* complaint fails to state a claim because it lacks even an arguable basis in law, Rule 12(b)(6) and section 1915(d) both counsel dismissal. When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however,

---

[2]*Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985).

[3]—— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

[4]*Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), provided the analogous guidance for a finding of legal frivolousness under section 1915(d).

[5]—— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

[6]*Neitzke,* 490 U.S. at 329, 109 S.Ct. at 1833.

[7]*Neitzke,* 490 U.S. at 326, 109 S.Ct. at 1832.

dismissal under the section 1915(d) frivolousness standard is not.  In explaining this conclusion, the *Neitzke* Court reasoned that "[a]ccording opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed *pro se* and therefore may be less capable of formulating legally competent initial pleadings."[8]

In *Denton* the Supreme Court applied *Neitzke* dicta to draw a firm distinction between *factually* and *legally* frivolous complaints and the appropriate section 1915(d) standard:

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional."  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.[9]

The Court reaffirmed that a section 1915(d) dismissal is reviewed for abuse of discretion.[10]  In determining whether a district court has abused its discretion, the appellate court may consider whether (1) the plaintiff is proceeding *in forma pauperis,* (2) the court inappropriately resolved genuine issues of disputed fact, (3) the court applied erroneous legal conclusions, (4) the court has provided a statement of reasons which facilitates "intelligent appellate review,"[11] and (5) any factual frivolousness could have been remedied through a more specific pleading.[12]

We view *Neitzke* and *Denton* as mandating that a *Spears*-hearing record clearly distinguish between findings of factual, legal, or mixed factual and legal frivolousness.  In addition, to facilitate a meaningful, "intelligent appellate review" the district court's reasons for a section 1915(d) dismissal should reflect the *Neitzke–Denton* considerations.

---

[8]*Neitzke,* 490 U.S. at 330, 109 S.Ct. at 1834.

[9]*Denton,* ⸺ U.S. at ⸺ – ⸺, 112 S.Ct. at 1733–1734, 118 L.Ed.2d at 349–350.

[10]*Denton,* ⸺ U.S. at ⸺, 112 S.Ct. at 1734, 118 L.Ed.2d at 350.  A section 1915(d) dismissal is not a dismissal on the merits but may have *res judicata* effect.  *Id.*

[11]*Id.*

[12]*Denton,* ⸺ U.S. at ⸺, 112 S.Ct. at 1734, 118 L.Ed.2d at 351.

*The Allegations*

Plaintiffs allege that: (1) during September 1989, after meeting with the prison classification committee, Moore was upgraded to "A" level custody, assigned to the prison law library as a clerk, and transferred to Unit 29–J, a minimum security unit; (2) Moore then signed a contract which granted him certain privileges, including access to vocational classes, college, jobs, extended family visits, gym call, nightly telephone visits, emergency leave, attendance at entertainment functions, and other privileges; (3) in October 1989 Moore was transferred to Unit 15–B, the administrative segregation unit, and denied all privileges, including the contract privileges; (4) in November 1989 Moore and approximately 45 other HIV-positive prisoners were moved to Unit 28–D, a unit designated for housing of HIV-positive prisoners where the living conditions were substantially inferior to the housing of other prisoners because of defective plumbing, vermin and insect infestation, and building deterioration exposing prisoners to adverse weather conditions; (5) there was a lack of physicians trained to treat HIV-related medical problems; (6) prison dentists refused to provide HIV-positive prisoners with timely treatment; (7) Moore did not receive adequate diagnosis and treatment of his AIDS condition; (8) AIDS drugs were not provided; (9) some HIV-positive prisoners remained in the general prison population; (10) privileges were denied HIV-positive prisoners without any rational basis other than their medical status; (11) guards failed to protect HIV-positive prisoners; and (12) prisoner privacy rights were violated by publication of their medical status.

We cannot determine from the complaint whether any or all of the allegations that refer to Moore alone are intended to be class-wide. Both the magistrate judge and the district court referred to a prior Mississippi state court action in which Moore purportedly raised the same issues and concluded that Moore's claims were barred by the *res judicata* effects of the dismissal of that suit. The state court record is not before us; we cannot address that issue.[13]

*Legal Frivolousness*

---

[13]*Accord, Denton,* —— U.S. at —— – ——, 112 S.Ct. at 1734–1735, 118 L.Ed.2d at 350–351.

This complaint poses questions nearly identical to those faced by our Eleventh Circuit colleagues in *Harris v. Thigpen*.[14] Both complaints pose allegations of serious constitutional violations related to the "range of difficult, AIDS-related issues that confront all correctional officials, administrators, policymakers and inmates as they attempt to grapple with the problems engendered by the presence of HIV infection in our nation's prisons and jails." When our colleagues noted the seminal importance of *Thigpen,* they were not reviewing an appeal from a section 1915(d) dismissal but one following a post-trial judgment. Reflecting the careful record development inherent in a full-blown trial, the lengthy *Thigpen* opinion details the novelty and difficulty of resolution of the issues. *Thigpen* does not involve the mere application of well-settled principles of law. Many of the issues with which the *Thigpen* court struggled are *res nova* in this circuit.

Applying the *Neitzke* considerations for testing a finding of legal frivolousness, we conclude that the instant case involves: (1) *pro se, in forma pauperis* plaintiffs; (2) instances of potentially disputed facts resolved by the district court; (3) potentially erroneous legal conclusions by the district court; and (4) an inability to perform an intelligent appellate review for lack of adequate record development and because of an inadequate statement of reasons for the dismissal. For these reasons *Neitzke* not only counsels, but commands a reversal of the section 1915(d) dismissal.[15]

*Eighth Amendment Deliberate Indifference Considerations*

Because of the paucity of the record, any comment that we might make with respect to the merits of the case is subject to the suggestion of speculation. Nonetheless an observation is warranted. *Wilson* does not require a "smoking gun" in order to find deliberate indifference. Nor does *Wilson* attempt to define what acts might constitute deliberate indifference. Rather, the *Wilson* Court reaffirmed that the determination must be made with "due regard for differences in the kind of conduct to which an Eighth Amendment objection is lodged."[16] The Court reaffirmed an earlier holding that "*[s]ome* conditions of confinement may establish an Eighth Amendment violation "in

---

[14]941 F.2d 1495 (11th Cir.1991).

[15]*Neitzke,* 490 U.S. at 328–330, 109 S.Ct. at 1833–1834.

[16]*Wilson,* —— U.S. at ——, 111 S.Ct. at 2326, 115 L.Ed.2d at 281.

combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need...."[17]

*Segregation and Privacy Rights*

Moore's complaint about the abridgment of his right of privacy and the loss of privileges in violation of the fourteenth amendment due process and equal protection components are without merit and the dismissal thereof is affirmed. Prior to the district court's ruling, on the appeal of the temporary injunction ruling,[18] we held that Moore had demonstrated no likelihood of success on the privacy claim. Further, the identification and segregation of HIV-positive prisoners obviously serves a legitimate penological interest.[19]

*Appointment of Counsel*

*Thigpen* also informs why we believe the district court erred in denying the plaintiffs' motion to appoint counsel under *Ulmer v. Chancellor.*[20] *Thigpen* demonstrates beyond cavil that (1) the type and complexity of the issues raised in the complaint are deserving of professional development, (2) the complex subject of HIV–AIDS management in a prison environment is beyond the ability of a mere prisoner to investigate adequately, (3) the scope of the questions raised and the extensive resources required to pursue properly the issues in this case far exceed the capability and resources of a prisoner, and (4) the apparently essential testimony from experts on HIV–AIDS management in the prison environment will require professional trial skills. We are persuaded that this is an extraordinary case in which appointment of counsel will assist the plaintiffs, the State of Mississippi, and the court in resolving these important unanswered questions. The district court should promptly appoint qualified counsel.

## *Conclusion*

The denial of the motion for the appointment of counsel is REVERSED and counsel is to be

---

[17]*Wilson,* —— U.S. at ——, 111 S.Ct. at 2327, 115 L.Ed.2d at 283 (emphasis in original).

[18]*Moore v. Mabus,* 931 F.2d 890 (5th Cir. Apr. 16, 1991) (unpublished).

[19]*Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

[20]691 F.2d 209 (5th Cir.1982).

appointed. The district court judgment insofar as it dismisses the privacy and loss of privileges claims is AFFIRMED; otherwise the dismissal of the complaint as frivolous is VACATED and the case is REMANDED for further proceedings consistent herewith.