IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10248

Summary Calendar
_____

MICHAEL CARVER FLOWERS,

Plaintiff-Appellant,

v.

JIM BOWLES, Sheriff, and MEDICAL DIRECTOR,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

(July 25, 1995)

Before KING, JOLLY, and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael Carver Flowers brought suit under 42 U.S.C. § 1983, claiming that he was unconstitutionally denied medical care while incarcerated.  Flowers' claim was dismissed with prejudice pursuant to 28 U.S.C. § 1915(d), and Flowers now appeals.  We affirm in part and reverse and remand in part.

_____

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

## I. BACKGROUND

Flowers, a Texas Department of Criminal Justice prisoner, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he was denied medical care while incarcerated in two Dallas County jails between January 13 and March 21, 1993. Flowers named Sheriff Jim Bowles and an unidentified medical director as defendants.

Flowers was first incarcerated at the Lew Sterrit Jail. There, Flowers claims he told a prison nurse that he had recently undergone back surgery and needed various medications prescribed for his pain. Flowers alleges that, despite his request, he was deprived of these medications during the time he was interned in the jail.

After three days, Flowers was transferred to a second facility, where he claims he approached a guard about acquiring the medication for his back pain. According to Flowers, the guard gave him request forms, which Flowers maintains he mailed repeatedly to both Sheriff Bowles and the medical director. Flowers further contends that he did not receive a reply from either the sheriff or the medical director during the sixty-four days he was incarcerated in the center.

Flowers filed his complaint on March 28, 1994. On August 19, 1994, the magistrate judge sent an interrogatory to Flowers, asking Flowers to better define his cause of action. When Flowers did not respond within thirty days, the magistrate judge recommended that the district court dismiss the action for

2

failure to prosecute. Flowers promptly objected that he had never received the interrogatory. The district court sided with Flowers, holding that because it was possible Flowers had not received the interrogatory, dismissal was inappropriate. Additionally, the district court instructed the magistrate judge to reissue the document to Flowers.

After Flowers replied to the new interrogatory in full, the magistrate judge recommended that the district court dismiss the complaint as frivolous. The magistrate judge first noted that he was uncertain whether Flowers was a pre-trial detainee or a convicted prisoner at the time he was allegedly denied his medication. Thus, the magistrate judge could not determine whether to apply a Fourteenth Amendment standard, which would govern the denial of medical care to a pre-trial detainee, or an Eighth Amendment standard, which would govern the denial of medical care to a convicted prisoner. Nevertheless, the magistrate judge determined Flowers had not stated an arguable § 1983 claim under either standard. Specifically, the magistrate judge maintained that Flowers had failed to demonstrate that the individual defendants had denied him medical care.

Flowers filed an objection to the recommendation, alleging that he was a pre-trial detainee for one month while incarcerated in the county jail and was thereafter a convicted felon. Additionally, Flowers claims that he cannot communicate fluently in English, but that he could show the personal involvement of the defendants, if given the opportunity. Despite Flowers'

objections, the district court adopted the magistrate judge's recommendation and dismissed Flowers' complaint as frivolous.

## II. STANDARD OF REVIEW

A § 1983 plaintiff who proceeds in forma pauperis is subject to dismissal if his complaint is "frivolous" within the meaning of 28 U.S.C. § 1915(d).  Under § 1915(d), an in forma pauperis complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992).

We review a § 1915(d) dismissal only for an abuse of discretion because a determination of frivolousness -- whether legal or factual -- is a discretionary one.  Denton, 112 S.Ct. at 1734; Moore v. Mabus, 976 F.2d 268, 270 (5th Cir. 1992).  In reviewing for an abuse of discretion, we consider whether (1) the plaintiff is proceeding pro se; (2) the court inappropriately resolved genuine issues of disputed fact; (3) the court applied erroneous legal conclusions; (4) the court has provided an adequate statement of reasons for dismissal which facilitates intelligent appellate review; and (5) the dismissal was with or without prejudice.  Denton, 112 S.Ct. at 1734.

## III. ANALYSIS

We agree that Flowers has failed to allege an arguable claim against either the sheriff or the unnamed medical director for the three days of medical treatment he was allegedly denied in the Lew Sterrit Jail.  Under § 1983, supervisory officials cannot be held liable for the actions of their subordinates on any vicarious liability theory.  Thompkins v. Belt, 828 F.2d 298,

4

303 (5th Cir. 1987). Rather, a supervisor is liable only if he is personally involved in a constitutional deprivation or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Id. Supervisory liability also exists under § 1983 if the supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind the constitutional violation. Id. During his three days of incarceration in the Lew Sterrit Jail, Flowers claims that he informed a *nurse* of his need for medication. Flowers has alleged no further facts indicating that either the *sheriff* or the *medical director* knew of his need for medication or that they acted directly or indirectly to deny him his medication. Accordingly, Flowers has alleged no set of facts which could form an arguable basis of liability against the named defendants and his claim with regard to detention in the Lew Sterrit Jail is therefore legally frivolous.

With regard to his claims arising after he was moved to the second facility, Flowers has alleged facts which could implicate personal involvement by both defendants in the alleged constitutional violation. Moreover, Flowers asserts claims that may arise under both the Eighth and Fourteenth Amendments. That is, any constitutional deprivations Flowers can prove occurred while he was still a pre-trial detainee involve claims under the Fourteenth Amendment, see Grabowski v. Jackson County Public Defenders Office, 47 F.3d 1386, 1386 (5th Cir. 1995), reh'g en

5

banc granted, No. 92-7728, 94-60089 (March 14, 1995); see also Bell v. Wolfish, 441 U.S. 520, 537 (1979), and any constitutional deprivations Flowers can prove occurred after he was convicted involve claims under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 97 (1976).

In order to prevail on an Eighth Amendment claim, the Supreme Court has held that a convict must prove that a defendant acted with deliberate indifference to his serious medical needs. Estelle, 429 U.S. at 97. The standard for recovery on a Fourteenth Amendment claim, which has previously been more liberal than its Eighth Amendment counterpart, is currently under review by the en banc court. See Hare v. City of Corinth, 36 F.3d 412, 415 (5th Cir. 1994), reh'g en banc granted, No. 93-7192 (Dec. 8, 1994). Even assuming arguendo that we were to adopt a Fourteenth Amendment standard as strict as that currently required to prove an Eighth Amendment claim, it is clear that Flowers' claim is not legally frivolous.

Because § 1983 does not provide for supervisory liability, Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987), the sheriff and the medical director in the case at bar would not be liable unless Flowers could prove that they were personally involved in denying Flowers' alleged written requests for medical treatment. On the other hand, if Flowers proved that the sheriff or the medical director was personally and deliberately indifferent to his written requests, he could prevail on his claim against that defendant. Furthermore, the post-operation back pain Flowers

6

alleges he suffered at the time of his incarceration could meet the Eighth Amendment standard of "serious medical need." In short, because Flowers has alleged facts which present an arguable claim even under an Eighth Amendment standard, the district court's dismissal of Flowers' claims arising from the period after he was transferred from the first facility constituted an abuse of discretion.

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED in part and REVERSED and REMANDED in part.