**Roy HETZEL, Plaintiff,**

v.

**Jim SWARTZ, et al., Defendants.**

**CIVIL No. 3:CV–95–0437.**

United States District Court, M.D. Pennsylvania.

March 4, 1996.

Roy Hetzel, Wilkes–Barre, PA, pro se.

Timothy J. Holland, O'Malley & Harris, Wilkes–Barre, PA, for Jim Swartz, Community Counseling Service.

### MEMORANDUM

CONABOY, District Judge.

**Background**

Plaintiff Roy Hetzel, a former inmate at Luzerne County Prison (the "Prison") in

Wilkes–Barre, Pennsylvania, filed this action under 42 U.S.C. § 1983 against Community Counseling Services of Northeastern Pa.[1] and Jim Swartz, who is employed by Community Counseling and works as a counselor at the Prison. The plaintiff, who was released from the Prison on or about December 20, 1995, proceeds *pro se* and *in forma pauperis*. Documents 4 and 31 of the record. The court has jurisdiction over this suit under 28 U.S.C. §§ 1331 and 1343(a).

Liberally construing this *pro se* plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), he alleges: failure to provide psychological or psychiatric care as required by the Eighth Amendment of the United States Constitution; failure to provide a copy of the plaintiff's medical records to him pursuant to his express authorization via a release form; and violations of his right to freedom from invasion of privacy guaranteed by the Fourteenth Amendment. Document 1 of the record. More specifically, he claims that Swartz acted unlawfully by refusing to provide counseling to the plaintiff although he suffers from a terminal disease, by disclosing information about the plaintiff's condition to an unnamed doctor and to "prison officers and head counselors," *id.* at p. 4 [2], and, as stated above, by refusing to give the plaintiff a copy of his medical records. For relief the plaintiff requests an unspecified amount of damages and injunctive relief in the form of counseling from an individual other than Swartz.

On December 18, 1995, in an opinion which has been published, the court granted in part and denied in part the defendants' motion to dismiss. *Hetzel v. Swartz*, 909 F.Supp. 261 (M.D.Pa.1995). In that opinion the court noted deficiencies in the complaint, *e.g.*, the plaintiff does not describe the nature of his terminal illness and does not describe exactly what information was disclosed to others, and emphasized that amendment of a complaint is possible. *Id.* at 265–66. (Now that an answer to the complaint has been filed, an amended complaint may be filed only with the court's permission. *See* Fed.R.Civ.P. 15.) Swartz is the only remaining defendant, and the surviving charges against him are: failure to provide psychological or psychiatric care as required by the Eighth Amendment of the United States Constitution and violations of the right to freedom from invasion of privacy guaranteed by the Fourteenth Amendment. The injunctive relief claims have been denied as moot because the plaintiff no longer is incarcerated. Document 32 of the record. On December 28, 1995 Swartz filed an answer, containing affirmative defenses. Document 33 of the record. No motions have since been filed. However, previously pending was the plaintiff's motion for appointment of counsel.

### Discussion

■ Today, the court considers the plaintiff's motion for appointment of counsel Document 21 of the record; *see* Document 22 (the court construed letter as said motion), which is unopposed although the court directed the defendant to file an opposing brief. Document 30 of the record. In a letter filed on December 26, 1995, the plaintiff stated that he had been released from prison and

> have been very sick and been to hospital ERs and have been in wheelchair crippled from waist down and have been staying in different places ... I have been to SSI and received 2 checks and staying in motel at 400.00 a month and receive 490[.00] from SSI.

Document 31 of the record. The record contains other letters—poorly composed—from the plaintiff in which he avers that his health is steadily failing.

■ Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(d). *Tabron v. Grace*, 6 F.3d 147, 153, 155–57 (3d Cir.1993) (setting forth non-exhaustive list of factors to be con-

---

1. This defendant provided its full name in a later pleading and that name is reflected here.

2. The plaintiff does not state in his complaint that he suffers from the Acquired Immune Deficiency Syndrome ("AIDS") but does give that information in his brief in opposition to the defendants' motion to dismiss. Document 23 of the record.

sidered in ruling on motion for appointment of counsel), *cert. denied,* —— U.S. ——, 114 S.Ct. 1306, 127 L.Ed.2d 657 (1994); *Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir.1981). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant customarily should be made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith–Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir.1984). But no part of the discussion in *Smith–Bey* of circumstances warranting appointment of counsel should be interpreted to mean that "appointment is permissible *only* in exceptional circumstances and that, in the absence of such circumstances, the court has no discretion to appoint counsel." *Tabron,* 6 F.3d at 155.

Now considering what factors properly guide a decision on appointment of counsel, the court first notes that appointment of counsel should not be made unless "the plaintiff's claim has arguable merit in fact and law...." *Id.* If that threshold requirement is satisfied, these factors should be considered: 1) ability to pay for counsel; 2) ability to present his or her case *pro se* (which involves literacy level); 3) whether the legal issues are complex; 4) whether "factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation," *id.* at 156; 5) whether "a case is likely to turn on credibility determinations," *id.;* and 6) whether expert witness testimony will be needed. *Id.* at 155–56. The Third Circuit also commented generally:

> If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed.

*Id.* at 156. The United States Court of Appeals for the Fifth Circuit in *Moore v. Mabus,* 976 F.2d 268 (5th Cir.1992) considered whether counsel should be appointed to represent two HIV ("Human Immunodeficiency Virus") positive inmates who were housed away from the general prison population because of their medical condition and who claimed, *inter alia,* that their rights to privacy and to adequate medical care were violated. The Fifth Circuit reversed the district court's denial of the motion for appointment of counsel primarily for these reasons:

> (1) the type and complexity of the issues raised in the complaint are deserving of professional development, (2) the complex subject of HIV–AIDS management in a prison environment is beyond the ability of a mere prisoner to investigate adequately, (3) the scope of the questions raised and the extensive resources required to pursue properly the issues in this case far exceed the capability and resources of a prisoner, and (4) the apparently essential testimony from experts on HIV–AIDS management in the prison environment will require professional trial skills.

*Id.* at 272.

The court now considers the position of the instant plaintiff and the merits of his motion. The claims which survived the motion to dismiss obviously have arguable merit although the complaint, as previously discussed, is deficient. The record *sub judice* indicates that the plaintiff cannot afford to hire a lawyer, is very ill, is not very literate, and already has had substantial difficulty presenting his case to the court in a legally comprehensible fashion. It is noted that the plaintiff's handwritten brief in opposition to the motion to dismiss obviously was written by another individual (although the plaintiff signed it.) Although the plaintiff no longer is a prisoner, it is reasonable to conclude that his very poor health severely hinders his ability to perform discovery. Because a central issue in this suit is whether defendant Swartz communicated certain information to others, credibility assessments apparently will be required. Although the issue of HIV–AIDS management in prisons may not loom quite as large in this suit as in *Moore,* expert witness testimony may be necessary. In summary the court finds that appointment of counsel is proper. The instant motion will

be granted. An appropriate Order is attached.