**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-20851**

_____

**DORRANCE F. MATTHEWS,**

**Plaintiff-Appellant,**

**versus**

**VICTOR GRAHAM, Sheriff; JOAN SANDERS, Chief Deputy;**
**BOB TAYLOR, Jail Administrator; LARRY MCDUGLE, Lieutenant;**
**K.C. CHITWOOD; DODDIE, Sergeant; SERGEANT DUCHARME;**
**ROCKY CARREL; EDWARD MARQUEZ,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-99-CV-844)**
_____

October 11, 2000

Before BARKSDALE, and BENAVIDES, Circuit Judges, and VELA[*],

District Judge.

PER CURIAM:[**]

Dorrance F. Matthews, _pro se_ Texas prisoner #851799, appeals

the dismissal, as frivolous, of his 42 U.S.C. § 1983 action.

Matthews' action arises out of:  his alleged placement in

_____

[*]     District Judge of the Southern District of Texas, sitting
by designation.

[**]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

administrative segregation in a county jail for three months due to his HIV-positive status; and, following his release back into the general jail population, his alleged verbal harassment by guards and other inmates. He seeks monetary damages, as well as injunctive relief in the form of jail staff training in dealing with HIV-infected persons and jails providing 24-hour medical care to inmates.

Matthews' action was dismissed as frivolous on the grounds that neither placement in administrative segregation nor verbal harassment is sufficient to state a constitutional claim under § 1983.

Matthews' claims were correctly dismissed as frivolous. *See* **Luken v. Scott**, 71 F.3d 192, 193 (5th Cir. 1995) ("administrative segregation, without more, does *not* constitute a deprivation of a constitutionally cognizable liberty interest" (emphasis added)), *cert. denied*, 517 U.S. 1196 (1996); **Moore v. Mabus**, 976 F.2d 268, 271 (5th Cir. 1992) ("the identification and segregation of HIV-positive prisoners obviously serves a legitimate penological interest"); **McFadden v. Lucas**, 713 F.2d 143, 146 (5th Cir.) (custodial officer's threatening language and gestures do *not* amount to constitutional violations), *cert. denied*, 464 U.S. 998 (1983).

For the first time on appeal, Matthews raises claims under the Americans with Disabilities Act, the Civil Rights of

2

Institutionalized Persons Act, the Privacy Act, and the Texas Commission on Jail Standards. Because these claims were *not* presented in his complaint, he may *not* raise them now. *See* ***Leverette v. Louisville Ladder Co.***, 183 F.3d 339, 342 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 982 (2000).

Matthews has failed to raise any legal points arguable on their merits. Accordingly, his appeal is **DISMISSED** as frivolous. *See* ***Howard v. King***, 707 F.2d 215, 220 (5th Cir. 1983) (citing ***Anders v. California***, 386 U.S. 738 (1967)).

The district court's and our dismissals count as two "strikes" for purposes of 28 U.S.C. § 1915(g). *See* ***Adepegba v. Hammons***, 103 F.3d 383, 385-87 (5th Cir. 1996). Matthews is **CAUTIONED** that if he accumulates three such "strikes" under § 1915(g), he will *not* be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

*APPEAL DISMISSED; WARNING ISSUED*

3