REVISED July 20, 2022

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2022

Lyle W. Cayce
Clerk

No. 20-10988

Debbie Flowers, as the Personal Representative of Appellant Toby Kristopher Payne, for substitution in the place and stead of the Appellant Toby Kristopher Payne,

*Plaintiff—Appellant*,

*versus*

James Sutterfield, Mental Health Manager; Jason M. Hardegree, Major; Damon B. Andrews, Asst. Warden; Darrell K. Nash, Asst. Warden; Kevin D. Foley, Sr. Warden,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CV-211

Before Higginbotham, Higginson, and Oldham, *Circuit Judges*.

No. 20-10988

Stephen A. Higginson, *Circuit Judge*:*

Debbie Flowers, as the personal representative of her son Toby Kristopher Payne, who was incarcerated in the Texas Department of Criminal Justice's Chronically Mentally Ill program and is now deceased, appeals the dismissal as frivolous of Payne's Eighth Amendment, Americans with Disabilities Act, and Rehabilitation Act of 1973 claims against various TDCJ officials. For the following reasons, we AFFIRM.

I.

Toby Kristopher Payne was incarcerated in Texas Department of Criminal Justice (TDCJ) facilities from 2011 until his death in 2021. Payne was diagnosed with schizoaffective disorder after he was arrested for the murder of his two-year-old son, to which he later pleaded guilty. In 2014, he was transferred from the general population to an in-patient psychiatric ward within the TDCJ. In October 2015, Payne was transferred to the Chronically Mentally Ill (CMI) program. Between being transferred to the CMI program and filing his complaint in federal court in October 2017, Payne filed numerous grievances regarding the conditions in the CMI program.

In 2017, Payne filed a pro se lawsuit against TDCJ Mental Health Manager James Sutterfield, Major Jason M. Hardegree, Assistant Wardens Damon B. Andrews and Darrell K. Nash, and Senior Warden Kevin D. Foley, claiming that his rights under the Eighth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act of 1973 (RA) were violated based on conditions in the TDCJ's CMI program. Payne contended that individuals in the CMI program were kept in solitary confinement virtually twenty-four hours per day; were offered limited recreation, communication, entertainment, and hygiene opportunities; received only

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10988

limited group therapy, without individual therapy or religious services; and were served cold food. He further alleged that correctional officers were not adequately trained on how to interact with people with psychiatric disorders and that, as a result, they frequently provoked prisoners into misbehaving. Payne sought monetary damages and injunctive relief. Payne subsequently moved for a temporary restraining order or preliminary injunction. In September 2020, the district court denied the motion and dismissed Payne's complaint as frivolous, citing both 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i). Payne filed a timely notice of appeal.

Payne filed his brief in this court with counsel in March 2021. Because Payne's complaint was dismissed prior to service of process, the defendants have not appeared in this court. In November 2021, Payne's counsel sent notice to the court that Payne had died by suicide while incarcerated. Counsel moved to substitute Payne's personal representative, his mother, Debbie Flowers, as Appellant, and a judge of this court granted the motion.

II.

A provision of the Prison Litigation Reform Act requires courts to dismiss a civil case brought *in forma pauperis* "at any time if the court determines that . . . the action or appeal" is frivolous, malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). A separate provision requires a district court to screen civil cases brought by prisoners "before docketing" or "as soon as practicable after docketing" and to dismiss if, among other reasons, the complaint is frivolous. 28 U.S.C. § 1915A(b)(1). We review a district court's dismissal of a complaint as frivolous for abuse of discretion. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (reviewing dismissal as frivolous under § 1915(e)); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (reviewing dismissal as frivolous under § 1915A).

No. 20-10988

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). When reviewing a district court's decision to dismiss a case as frivolous, we consider

> whether the plaintiff was proceeding pro se; whether the court inappropriately resolved genuine issues of disputed fact; whether the court applied erroneous legal conclusions; whether the court has provided a statement explaining the dismissal that facilitates "intelligent appellate review"; and whether the dismissal was with or without prejudice.

*Denton*, 504 U.S. at 34 (citations omitted). We have said that in order to "facilitate meaningful, 'intelligent appellate review' the district court's reasons for a section 1915[(e)] dismissal should reflect the *Neitzke-Denton* considerations." *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992).

### III.

In light of his death, Payne's request for declarative or injunctive relief is moot. *See Copsey v. Swearingen*, 36 F.3d 1336, 1339 n.3, 1341 (5th Cir. 1994); *see also Rhodes v. Stewart*, 488 U.S. 1, 4 (1988). Though Payne's complaint also sought damages, the Prison Litigation Reform Act requires a prisoner to show physical injury before he can recover compensatory damages for any psychological injury. 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Though we have never applied § 1997e(e) to an ADA/RA claim in a published opinion, we have repeatedly done so in unpublished opinions. *See, e.g.*, *Buchanan v. Harris*, 2021 WL 4514694, at *2

No. 20-10988

(5th Cir. Oct. 1, 2021); *Flaming v. Alvin Cmty. Coll.*, 777 F. App'x 771, 772 (5th Cir. 2019).  Payne's complaint does not appear to allege any physical injury.[1]

Therefore, the judgment of the district court is AFFIRMED.

---

[1] In *Hutchins v. McDaniels*, we held that, notwithstanding § 1997e(e), "prisoners may recover punitive or nominal damages for a Constitutional violation" even in the absence of physical injury.  512 F.3d 193, 198 (5th Cir. 2007).  However, Payne did not request punitive or nominal damages in his complaint.  *See Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 606 (5th Cir. 2008) (holding that pro se plaintiff's claims were barred by § 1997e(e) where complaint sought only compensatory damages and did not allege physical injury).