# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2023

Lyle W. Cayce
Clerk

_____

No. 22-50437

_____

Garland Ballentine,

*Plaintiff—Appellant*,

*versus*

Sergeant Heather Broxton; Jay Hart, SIGMO;
Grievance Department Vicki Cundiff,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-459

_____

Before Haynes and Engelhardt, *Circuit Judges*, and Saldaña, *District Judge*.[+]

Per Curiam:[*]

Plaintiff-appellant Garland Wayne Ballentine III is an administratively segregated prisoner in the custody of the Texas Department of Criminal Justice (TDCJ) at the Hughes Unit in Gatesville, Texas. Ballentine filed a lawsuit against Sgt. Heather Broxton, Jay Hart, and Vicki Cundiff

_____

[+] United States District Judge for the Southern District of Texas, sitting by designation.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(collectively, "Defendants") under 42 U.S.C. § 1983, alleging he was denied participation in TDCJ's Gang Renunciation and Disassociation ("GRAD") process—purportedly, the only method for Ballentine to exit solitary confinement as a former member of a prison gang—because of his refusal to provide self-incriminatory or false testimony during an interrogation by outside law enforcement. In his complaint, Ballentine alleged violations of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments and sought compensatory damages, punitive damages, and a preliminary injunction. In conjunction with his complaint, Ballentine filed motions to proceed *in forma pauperis* and for appointment of counsel. In his motion for appointment of counsel, Ballentine noted that the case presented complex issues of law, that a trial would likely involve conflicting testimony, and that he was unable to afford counsel, had limited access to the prison law library, possessed limited knowledge of the law, and had diminished levels of intelligence and education.

On August 12, 2019, the district court granted Ballentine leave to proceed *in forma pauperis*, directed Ballentine to provide a more definite statement, and denied Ballentine's motion for appointment of counsel, finding that Ballentine failed to establish that (1) the issues were too complex, (2) he was incapable of bringing the issues on his own, or (3) that "appointed counsel is necessary to present meritorious issues to the Court."

On August 23, 2019, Ballentine responded to the district court's order for more definite statement and filed a motion for reconsideration of the order denying his motion for appointed counsel, once again emphasizing his lack of intelligence and educational level. On October 15, 2019, the district court summarily denied Ballentine's motion for reconsideration "for the reasons explained in the Court's [August 12th] order" and without further explanation or consideration.

On December 13, 2019, without ordering a response from the defendants, the district court dismissed Ballentine's complaint with prejudice *sua sponte* for failure to state a claim. Ballentine successfully appealed the dismissal to this Court with the help of appointed counsel. In a per curiam opinion, we vacated the district court's order and remanded the case to the district court for further proceedings, instructing the district court to serve Defendants Broxton, Jay Hart, and Vicki Cundiff and "consider the arguments of both sides." Our opinion noted that Ballentine's complaint raised "complex issues" that would benefit from full briefing.

After we remanded the case to the district court, Ballentine again motioned for appointed counsel to assist him in his case, noting that the issues were complex and that this Court had granted his motion for appointed counsel in his appellate proceedings. However, the district court summarily denied Ballentine's motion for appointed counsel by referencing its original denial without deferring to this Court's finding that the case presented complex constitutional issues or the fact that Ballentine's appointed appellate counsel proved useful in directing our attention to relevant precedent. A month later, Defendants appeared in the underlying case, filing both an answer to Ballentine's complaint and a motion to dismiss that was converted *sua sponte* into a motion for summary judgment by the district court. Over the course of the following month, Ballentine filed motions to compel discovery, amend his complaint, and add documents into the record, each of which the district denied for procedural deficiencies. Ballentine also cross-moved for summary judgment.

The district court subsequently issued an order denying Ballentine's request for discovery and motion for summary judgment, instead entering summary judgment in favor of the defendants. In its order, the district court found that Ballentine failed to establish that (1) his discovery requests were relevant to his claims, (2) his solitary confinement implicated a liberty

No. 22-50437

interest, (3) he had a right to participate in GRAD, (4) he was asked questions that would implicate his rights under the Fifth Amendment, and (5) Defendants were not shielded from liability by sovereign and qualified immunity. Ballentine timely appealed this decision, which we have jurisdiction to consider pursuant to 28 U.S.C. § 1291.

For the instant appeal, Ballentine retained the same appellate counsel that was appointed in his previous appeal. Ballentine's appellate counsel abandoned his Eighth Amendment claims, instead focusing on his claims under the Fifth and Fourteenth Amendments and adding a claim under the First Amendment based on a liberal construction of Ballentine's pro se pleadings. Ballentine's appellate counsel argues that we should reverse the district court and grant summary judgment to Ballentine or alternatively, reverse the district court's decision to deny Ballentine's motions for appointment of counsel and additional discovery. For the following reasons, we agree that the district court abused its discretion when it denied Ballentine's motions for appointed counsel and that Ballentine should be appointed counsel to help him develop the factual record, amend his complaint, and present arguments on the complex issues of constitutional law at issue. As with our previous order, we conclude that the proper remedy is to remand this case back to the district court to address these complex issues in the first instance, this time with the benefit of a better developed record and briefing by plaintiff's appointed counsel to assist the district court in making a just determination under the correct legal standards.

## **Standard of Review**

A district court's denial of a pro se plaintiff's motion for appointment of counsel is reversed "only if a clear abuse of discretion is shown." *Lozano v. Schubert*, 41 F.4th 485, 492 (5th Cir. 2022) (quoting *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987)). When deciding an indigent plaintiff's request for appointed counsel, a district court should consider whether "exceptional

circumstances" exist to merit appointment of counsel based on "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* at 492 (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

## Discussion

In its initial order denying Ballentine's motion for appointed counsel, the district court made the conclusory assertion that it had considered the *Ulmer* factors and found that Ballentine failed to establish that "the issues are too complex, that complainant is incapable of bringing them, or that appointed counsel is necessary to present meritorious issues to the Court." The district court then dismissed Ballentine's subsequent requests for appointed counsel by referencing its initial decision and failing to consider the proceedings that had occurred since that time. The district court's repeated denials of these subsequent motions for appointed counsel were an abuse of its discretion for a few reasons.

First, the district court should have re-considered its determination that the issues in this case were not "too complex" after the case was remanded. Our order noted that the case "presents complicated questions of constitutional law," and the district court should have considered our decision to appoint appellate counsel in its complexity determination. *See Delaughter v. Woodall*, 909 F.3d 130, 141 (5th Cir. 2018) (noting that "counsel might assist [the district court] in handling the particular complexities" of a case where the Fifth Circuit had found appellant's appointed counsel beneficial). Second, the district court's misstatement of the applicable legal standards under the Fifth Amendment and Due Process lends credence to

our initial evaluation of the complexity of the constitutional issues involved in this matter. The compounding failure to apply these standards in the light most favorable to Ballentine is further proof that appointment of counsel would help the district court to (1) sharpen the issues in the case and (2) make a just determination. *See Ulmer*, 691 F.2d at 213 (citing *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980)) (noting that a district court should also consider whether appointment of counsel would benefit the court in making the proper decision). The district court's failure to re-consider the *Ulmer* factors in light of our previous determination that this case presents complicated constitutional issues and Ballentine's demonstrated inability to pursue his claims in accordance with procedural rules represents an abuse of the district court's discretion.

In sum, appointed counsel will be able to flesh out the complex constitutional issues involved in this case, properly identify the evidence to be considered in a summary judgment motion, and guide the district court in making a proper determination of whether summary judgment should be granted in favor of Defendants. *See Moore v. Mabus*, 976 F.2d 268, 272 (5th Cir. 1992) (ordering the district court to appoint counsel to assist the plaintiff, state, and federal court in resolving "important unanswered questions.") As each of the *Ulmer* factors weighs strongly in favor of appointing counsel in this case, the Court must reverse the district court's decision. The district court should grant appointed counsel the opportunity to amend Ballentine's pleadings and conduct additional discovery that may be relevant to his case, including relevant portions of Ballentine's Security Threat Group file, to further develop the factual record and sharpen the issues in this case. *See Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) ("If the district court appoints counsel on remand, it must then conduct all subsequent proceedings anew, including allowing for reasonable additional discovery.").

No. 22-50437

## <u>Conclusion</u>

For the foregoing reasons, the district court's order denying Plaintiff's Motion for Summary Judgment and granting Defendants' Motion for Summary Judgment is VACATED. The district court's order denying Plaintiff's Motion for Appointment of Counsel is REVERSED, and the district court is instructed to appoint Ballentine competent counsel and allow counsel the opportunity to conduct additional, reasonable discovery. This case is REMANDED for further proceedings consistent with this opinion.

Kurt D. Engelhardt, *Circuit Judge*, concurring:

I concur with the panel's decision to reverse the district court's denial of Ballentine's motion for appointment of counsel. The panel correctly found that the district court abused its discretion in denying Ballentine's request for appointed counsel. I believe that Ballentine has adequately shown that his case presents "exceptional circumstances" which merit the appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). While not dispositive, our appointment of counsel for Ballentine's previous appeal also weighs in favor of the appointment of counsel here. *See Delaughter v. Woodall*, 909 F.3d 130, 141 (5th Cir. 2018) (noting that "counsel might assist [the district court] in handling the particular complexities" of a case where the Fifth Circuit had found appellant's appointed counsel beneficial).

Nonetheless, I believe that the appointment of counsel serves, in this instance, as a proverbial "bridge to nowhere." While counsel may assist Ballentine in obtaining the discovery he seeks,[1] I do not believe that any legal recourse is available as Ballentine has not demonstrated atypical or significant hardship in his conditions of imprisonment, a constitutional entitlement to the GRADS program, or a violation of his Fifth Amendment rights.[2] Thus, while I concur with the panel's decision to reverse the district court's denial of Ballentine's motion for appointment of counsel, I believe that there is no

---

[1] This assumes *all* of the specified discovery was produced and its contents favored Ballentine's allegations.

[2] Ballentine fails to identify any question, set of questions, or interrogation where he might incriminate himself by responding. He simply highlights that law enforcement agencies sought to debrief him, and he declined to cooperate.

No. 22-50437

relief available to Ballentine and that affirming the judgment of the district court would be proper.