**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 09-30423
Summary Calendar

PETER ROY ALFRED, JR.

Plaintiff-Appellant

v.

FORCHT WADE CORRECTIONAL CENTER; VENETIA MICHAEL; ANTHONY BATSON; DR. HERN; LAURA GEHRIG; W. COLT PALMER; UNKNOWN INSURANCE CO.; RICHARD STALDER; LINDA RAMSEY

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-2098

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Peter Roy Alfred, Jr., Louisiana prisoner # 315023, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal was not taken in good faith. Alfred's IFP motion challenging the certification decision "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court is directed to dismiss a complaint filed by a prisoner if the complaint is frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B). This court reviews the dismissal of a complaint as frivolous for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is frivolous if it lacks "an arguable basis in law or fact." *Id.* "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Id.* (internal quotation marks and citations omitted).

Alfred argues that the defendants violated his Eighth Amendment rights by failing to provide him with a continuous positive airway pressure machine (CPAP) to treat his diagnosed severe sleep apnea. A plaintiff states a cause of action under the Eighth Amendment when he alleges that a defendant has, with deliberate indifference, exposed him to an unreasonable risk of serious damage to his future health. *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). To establish deliberate indifference a prisoner must show that the defendants "(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Burleson*, 393 F.3d at 589. (internal quotation marks and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The record shows that Alfred received adequate medical treatment for his sleep apnea during his stay at Forcht Wade Correctional Center. Further, an affidavit by Dr. Alphonzo Pacheco establishes that Alfred continued to receive medical attention for his sleep apnea following his transfer to Winn Correctional Center and that the sleep apnea never posed a serious risk to Alfred's health. *See Burleson*, 393 F.3d at 589. Alfred has been receiving CPAP treatments since May 2008.

Alfred has failed to show that the district court abused its discretion in dismissing his Eighth Amendment claim as frivolous. *See Geiger*, 404 F.3d at 373. Further, contrary to Alfred's suggestion, he did not have a right to a default judgment simply because the defendants did not respond to his suit. *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) ("A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.").

Alfred's appeal is without arguable merit and is frivolous. See *Howard*, 707 F.2d at 220. The district court's dismissal of Alfred's complaint and this court's dismissal of his appeal both count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Alfred has at least one previous strike. *Alfred v. Lofton*, No. 1:08-CV-0554 (W.D. La. Sept. 9, 2008). Because Alfred has now accumulated at least three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Alfred's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous pursuant to 5TH CIR. R. 42.2.