# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

No. 09-30614

Lyle W. Cayce
Clerk

PETER ROY ALFRED, JR.

Plaintiff-Appellant

v.

CORRECTIONS CORPORATION OF AMERICA, et al.

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-300

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Peter Roy Alfred, Jr. filed a complaint *in forma pauperis* ("IFP") in February 2009 asserting, pursuant to 42 U.S.C. § 1983, that Defendants-Appellees Corrections Corporation of America ("CCA"), Corrections Corporation of Tennessee, Winn Correctional Center ("Winn"), Chris Bowman, Tim Wilkinson, Pat Thomas, and an unnamed insurance company, violated his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30614

14th Amendment right to privacy.[1]  The case was referred to a magistrate judge who *sua sponte* recommended dismissal of the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  The district court adopted that recommendation and dismissed the case with prejudice.  We reverse the dismissal of Alfred's action and remand for further proceedings.

## I.  FACTS AND PROCEEDINGS

Alfred is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, currently incarcerated at Winn.  Alfred is HIV-positive and is infected with Hepatitis B.  He has kept his diagnosis secret, asserting that he has not even informed his family of his diagnosis.

In November 2008, Willie Noel, a fellow inmate at Winn received his medical records from Chris Bowman, an attorney for CCA.  In them, Noel discovered, in addition to his own records, those of Alfred and Craig Bercegeay, another inmate at Winn.  Alfred's records that Noel received contained information reflecting that Alfred is HIV-positive and infected with Hepatitis B.  Alfred asserts that Noel then approached him to return his medical records.[2]

Alfred's complaint alleges that his record was "intentionally disclosed to" Noel without Alfred's consent.  Noting that his records were labeled with a red stamp, which is used to signify confidential information, Alfred asserts that putting his records in with Noel's must have been intentional because defendants supervised the placement of each document in Noel's file.  He alleges that Bowman personally reviewed the file before giving it to Noel, so he had to know exactly what documents it contained.

---

[1] Alfred alleged many theories of liability, but he only asserts his 14th Amendment right to privacy on appeal.

[2] Alfred asserts in his brief on appeal that Noel contacted Bowman about the incorrect records and that Bowman told Noel to keep them.  This information was not in Alfred's complaint and is asserted for the first time on appeal.

No. 09-30614

When liberally construed, Alfred's amended complaint also makes a claim based on an unconstitutional custom or policy that is undertaken with deliberate indifference to constitutional violations. That complaint states that defendants should be liable if Alfred can show "Deliberate Indifference in a pattern of incidents." He specifically pleads that inmates' private medical records should not be scattered around and negligently placed in other inmates' files. He specifies the frequency of this practice by noting that, in addition to the disclosure of Alfred's and Bercegeay's records, defendants gave him a different inmate's medical records when he asked for his own files. Finally, Alfred asserts that Warden Tim Wilkinson and Pat Thomas, the medical director at Winn, are liable for failing to train, supervise, and instruct their employees how to protect the privacy of inmates' medical records.

After administratively exhausting his complaint at Winn, Alfred filed a complaint under 42 U.S.C. § 1983, asserting *inter alia* a violation of his 14th Amendment right to privacy. The case was referred to the magistrate judge who, without receiving an answer from the defendants, dismissed Alfred's claim as frivolous under 28 U.S.C. § 1915(e)(2)(B). In so doing, the magistrate judge made essentially two holdings: (1) Alfred's claim that the violation was intentional is "entirely conclusory" and lacks specific facts demonstrating a constitutional deprivation; and (2) "prisoners have no absolute constitutional right in the privacy of their medical records." The district court adopted the magistrate judge's recommendation and dismissed Alfred's action with prejudice. Alfred timely filed a notice of appeal.[3]

---

[3] While this appeal was pending, Alfred accumulated his third strike pursuant to 28 U.S.C. § 1915(g). *Alfred v. Forcht Wade Corr. Ctr.*, 354 F. App'x 58, 60 (5th Cir. 2009). Alfred is once again warned that he is barred from proceeding *in forma pauperis* pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). This development does not, however, affect Alfred's IFP status in the instant case on remand.

No. 09-30614

## II.  ANALYSIS

### A.  Standard of Review

We review a dismissal of a complaint as frivolous for abuse of discretion.[4] If the plaintiff could have more fully pleaded his complaint, we also review the district court's refusal to conduct a hearing or submit a questionnaire for abuse of discretion.[5]  In reviewing for abuse of discretion, we may consider whether (1) the plaintiff was proceeding *pro se*, (2) the court inappropriately resolved genuine issues of disputed fact, (3) the court applied erroneous legal conclusions, (4) the court has provided a statement explaining the dismissal that facilitates intelligent appellate review, and (5) the dismissal was with or without prejudice.[6]

### B.  Applicable Law

"[A] complaint, containing . . . both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."[7]  Therefore, unlike a Rule 12(b)(6) motion, § 1915(e)(2)(B) gives the district court authority to dismiss based on both frivolous legal arguments and frivolous factual allegations.[8]

Although both Rule 12(b)(6) and § 1915(e)(2)(B) counsel the district court to decide whether dismissal is warranted based only on the complaint, each requires the district court to employ a different standard when determining whether a legal issue is frivolous.  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved

---

[4] *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

[5] *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

[6] *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[7] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[8] *Id.*

against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not."[9]  Indeed, "a failure to state a claim does not invariably mean that the claim is without arguable merit."[10]  The Supreme Court has emphasized that the standard for dismissal is higher under § 1915(e)(2)(B) because the plaintiff may not have the opportunity to respond meaningfully by opposing a motion to dismiss.[11]  With this is mind, we have said that a claim lacks an arguable basis in law if it is grounded on an indisputably meritless theory or alleges a violation of a legal interest that clearly does not exist.[12]

The Supreme Court has likewise provided guidance for when a factual allegation is frivolous under § 1915(e)(2)(B).  It has stated that a court may dismiss a claim only if the facts are "clearly baseless," "fanciful," "fantastic," or "delusional."[13]  "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[14]  The district court may not dismiss the case simply because it finds the plaintiff's allegations unlikely.[15]

## C. Discussion

---

[9] *Id.* at 328.

[10] *Id.* at 329.

[11] *Id.* at 329-30.  "To conflate the standards of frivolousness and failure to state a claim . . . would thus deny indigent plaintiffs the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules."  *Id.* at 330.

[12] *Berry*, 192 F.3d at 507.

[13] *Denton*, 504 U.S. at 32-33.

[14] *Id.* at 33.

[15] *Id.*

No. 09-30614

The magistrate judge held that Alfred's complaint was "entirely conclusory." First, we see nothing fanciful or fantastic about Alfred's factual claims. Neither was Alfred's complaint as conclusional as the magistrate judge indicated. Alfred alleges discrete facts to demonstrate that his claims involve an intentional act. He states that multiple defendants personally put together the file and knew what was in it. He also states that his records contained a red stamp, which indicates that they are confidential. Alfred contends that these factors reduce the likelihood that this was merely a negligent action. Regardless of whether this is enough evidence to prove that the action was intentional, it is sufficient to eschew conclusionality. It is up to the trier of fact to determine the sufficiency of the evidence.

What is more, the magistrate judge appears to have ignored Alfred's claim that the defendants may be liable because they have a custom of disclosing medical information with deliberate indifference. In support of this claim, Alfred cites to evidence that Noel received both his and another inmate's medical records, and that on another occasion he received another inmate's records. Yet the magistrate judge did not make a finding concerning deliberate indifference. Regardless, the magistrate judge could not have found Alfred's claim fanciful and fantastic or its assertions conclusional. We hold that the district court abused its discretion when it adopted the magistrate judge's recommendation that the complaint was entirely conclusional.

We also hold that the district court erred in adopting the magistrate judge's determination that Alfred's claim is barred as a matter of law. We note first that the magistrate judge's brief statement, even taken on its face, is insufficient to show that Alfred's complaint has no arguable basis in law. The magistrate judge stated that "prisoners have no absolute constitutional right in the privacy of their medical records." This is correct, of course, but it does not show that Alfred's claim is premised on a baseless legal argument. The fact that

there is not an absolute right to this privacy protection says nothing about whether there is, in fact, such a right in this particular case.

As a matter of law, Alfred has pleaded a non-frivolous contention that the defendants committed a constitutional violation, either by intentionally disclosing his record or by fostering an atmosphere of disclosure with deliberate indifference to constitutional rights. The magistrate judge cites to our decision in *Moore v. Mabus*,[16] but there we merely stated that it was not a constitutional violation for a prison to identify HIV-positive inmates for purposes of segregating them from the general prison population because that "obviously serves a legitimate penological interest."[17] That said, it remains unclear whether a disclosure that does not serve a penological interest is a constitutional violation or whether the disclosure in this case did or did not serve a penological interest. We note that other circuits have found that disclosures of this kind can be constitutional violations.[18] At bottom, we are satisfied that Alfred's claim is not wholly baseless and that it is not frivolous as a matter of fact or law.

### III. CONCLUSION

In adopting the magistrate judge's report and recommendation, the district court abused its discretion by concluding that Alfred's complaint is frivolous as

---

[16] 976 F.2d 268 (5th Cir. 1992).

[17] *Id.* at 271. The Second Circuit has ratified this understanding of *Moore*. *See Powell v. Schriver*, 175 F.3d 107, 112-13 (2d Cir. 1999) (noting that *Moore* is an example of when disclosure of HIV status is permissible because it serves a legitimate penological purpose).

[18] *See, e.g.*, *Powell*, 175 F.3d at 112 (noting that a regulation that impinges on constitutional rights is only valid if it has a penological interest and that gratuitous disclosure for purposes of humor or gossip is not reasonably related to a penological interest); *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001); *Moore v. Prevo*, 379 F. App'x 425, 427-28 (6th Cir. 2010) (holding that inmates have a "Fourteenth Amendment privacy interest in guarding against disclosure of sensitive medical information from other inmates subject to legitimate penological interests").

No. 09-30614

a matter of fact or law. We therefore REVERSE that court's dismissal of the case and REMAND for further proceedings consistent with this opinion.